UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANCES MCQUEEN,**

**Plaintiff,**                                    **Case No.:**

**v.**

**GOODWILL INDUSTRIES OF
CENTRAL FLORIDA, INC.,**

**Defendant.**
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, FRANCES MCQUEEN (hereinafter referred as "MCQUEEN" or "Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against Defendant GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC. (hereinafter referred as "GOODWILL" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

**NATURE OF CASE**

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families.  Defendant violated the FMLA by interfering and retaliating against MCQUEEN for engaging in her FMLA rights.  MCQUEEN is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. MCQUEEN was hired by Defendant on October 14, 2016 and most recently worked as a cashier.

2. Defendant is a non-profit that is funded by a massive network of thrift stores.

3. MCQUEEN was employed at Defendant's Sanford, Florida location.

4. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

5. Defendant is engaged in an industry affecting commerce.

6. Defendant employs more than fifty (50) employees.

7. Defendant employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

8. MCQUEEN is an "employee" as defined by the FMLA.

9. Defendant is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. MCQUEEN worked for Defendant in Seminole County, Florida.

13. Defendant conducts business in Seminole County, Florida.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant from approximately October 14, 2016 to October 19, 2019.

16. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to September 2019.

17. Plaintiff worked over 1,250 hours for Defendant during the year immediately preceding September 2019.

18. Defendant was aware that MCQUEEN's daughter was permanently mentally retarded and that MCQUEEN would need time to care for her daughter or take her to medical appointments, on occasion.

19. Before September 15, 2019, MCQUEEN's daughter's disability had never been an issue during MCQUEEN's employment.

20. Before September 15, 2019, MCQUEEN had not missed work, was punctual, and had no notable discipline in her record since her employment began.

21. On September 15, 2019, MCQUEEN's daughter was admitted to the hospital due to extreme weight loss that she experienced while in a facility, which rendered her unable to walk or move on her own.

22. MCQUEEN was told that her daughter would require serious ongoing medical treatment at a facility in Tallahassee, Florida.

23. MCQUEEN immediately informed her supervisors and filed for FMLA leave on September 19, 2019, in order to care for her daughter.

24. MCQUEEN followed company protocols for use of FMLA leave.

25. All of the doctor's documentation was sent to Defendant and MCQUEEN was waiting for approval for her FMLA leave request.

26. Defendant did not allow MCQUEEN to use her FMLA leave.

27. Instead of granting the leave that MCQUEEN was entitled to, she was terminated on October 19, 2019.

28. Accordingly, Defendant's actions are *direct* evidence of bias against MCQUEEN for utilizing her FMLA rights.

29. Defendant's actions interfered with MCQUEEN's rights under the FMLA.

30. Defendant retaliated against MCQUEEN for engaging in her rights under the FMLA.

## **COUNT I - INTERFERENCE UNDER THE FMLA**

31. MCQUEEN re-alleges and adopts the allegations of paragraphs 1 through 30 above as if fully set forth herein.

32. MCQUEEN was, at all times relevant, eligible for FMLA-covered leave.

33. Defendant was MCQUEENS's employer as defined by the FMLA.

34. Defendant's acts and omissions constitute interference with MCQUEENS's rights under the FMLA.

35. As a direct, natural, proximate and foreseeable result of the actions of Defendant, MCQUEEN has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

36. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

37. Defendant's violations of the FMLA were willful.

38. MCQUEEN is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

      **WHEREFORE,** MCQUEEN respectfully requests entry of:

      a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

      b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

      c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

      d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

      e. declaratory judgment that Defendant's practices toward MCQUEEN violate her rights under the FMLA; and

      f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

39. MCQUEEN re-alleges and adopts the allegations of paragraphs 1 through 30 above as if fully set forth herein.

40. MCQUEEN was, at all times relevant, eligible for FMLA-covered leave.

41. Defendant was MCQUEENS's employer as defined by the FMLA.

42. Defendant discriminated and/or retaliated against MCQUEEN because Defendant knew she was eligible for leave under the FMLA.

43. Defendant discriminated and/or retaliated against MCQUEEN because MCQUEEN attempted to exercise her rights under the FMLA

44. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of MCQUEENS's supervisors.

45. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of MCQUEEN's employment.

46. Defendant's discriminatory acts and omissions occurred, at least in part, because of MCQUEEN's request for FMLA-covered leave.

47. Defendant's conduct violated MCQUEEN's right to be free from discrimination/retaliation as guaranteed by the FMLA.

48. As a direct, natural, proximate and foreseeable result of the actions of Defendant, MCQUEEN has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

49. MCQUEN has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

50. Defendant's violations of the FMLA were willful.

51. MCQUEEN is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** MCQUEEN respectfully requests entry of:

      a.      judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

      b.      judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

      c.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

      d.      judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

      e.      declaratory judgment that Defendant's practices toward MCQUEEN violate her rights under the FMLA; and

      f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __22nd__ day of December, 2020.

Respectfully submitted,
*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office:   (407) 574-4999
Facsimile: (407) 813-7513
E-mail: cleach@theleachfirm.com
E-mail: ewimp@theleachfirm.com
*Attorney for Plaintiff*